**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VERNON HOBOCK,

      Plaintiff - Appellee,

      v.

GRANT COUNTY,

      Defendant,

      and

KURT CARLSON; ROSEMARY
ARCIERO, in their individual and
official capacities; BOARD OF
COUNTY COMMISSIONERS OF
GRANT COUNTY, NEW MEXICO,

      Defendants - Appellants.

No. 99-2194
(D. Ct. No. CIV 98-1559 JC/RLP)
(D.N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **MCWILLIAMS**, and **MAGILL**[†], Circuit Judges.

Plaintiff filed statutory and constitutional claims against defendants seeking

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[†]The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

damages for the physical and sexual abuse he allegedly suffered while confined at a county juvenile detention center. Defendants moved to dismiss the action, asserting various theories of immunity. The district court denied the motion to dismiss. Defendants filed a timely appeal and we affirm.

I.

On motion to dismiss, "all well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). On or about May 22, 1997, law enforcement officers arrested plaintiff in Lordsburg, New Mexico, after learning that he was listed as a runaway from the state of Tennessee. Hidalgo County authorities decided to detain him until he could be returned to Tennessee. Plaintiff was therefore transported to the Grant County Juvenile Detention Center.

During his detention, plaintiff was housed in the same cellblock as violent minors with gang associations. These minors routinely threatened plaintiff with great bodily harm. On May 23, the minors severely beat plaintiff on the center's sundeck and again in the cellblock area. In his cell, plaintiff was forced to engage in fellatio.

Defendant Carlson, the administrator of the center, and defendant Arciero, a detention officer at the center, both knew that plaintiff was having trouble

coping with the other minors.  When plaintiff sought to stay in his cell, the detention officer on duty ordered him out.  The forced fellatio occurred in a cell where the installed video cameras were either inoperable or not monitored by center personnel.  Plaintiff cites a number of past incidents involving forced sex upon inmates at the detention center.  Plaintiff also contends that government agencies had warned the center, inter alia, about a failure to properly operate video cameras in the cellblock and on the sundeck and a failure to segregate violent from nonviolent detainees.

## II.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. 12(b), asserting Eleventh Amendment, quasi-judicial and qualified immunity.  In a thorough and well-reasoned order, the district court denied the motion on all grounds.

## A.

This court has jurisdiction over the interlocutory denial of Eleventh Amendment immunity to the county and its officials.  See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147 (1993) ("States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity.").  We review de novo the district court's denial

of Eleventh Amendment immunity. See ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1186 (10th Cir. 1998).

In general, the Eleventh Amendment does not extend to political subdivisions of the state, such as counties or municipalities. Elam Constr., Inc. v. Regional Transp. Dist., 129 F.3d 1343, 1345 (10th Cir. 1997). Even so, a county may enjoy Eleventh Amendment immunity if it operates as an arm of the state, i.e., an alter ego or instrumentality of the state. See id. "Whether a governmental entity is entitled to Eleventh Amendment immunity turns on the characterization of the entity under state law, the guidance and control exercised by the state, the degree of state funding, and the entity's ability to provide for its own financing by levying taxes and issuing bonds." Sonnenfeld v. City & County of Denver, 100 F.3d 744, 749 (10th Cir. 1996). However, "the most important consideration is whether a judgment against the entity would be paid from the state treasury." Elam, 129 F.3d at 1345.

Counties in New Mexico operate as independent political subdivisions. See Daddow v. Carlsbad Mun. Sch. Dist., 898 P.2d 1235, 1243 (N.M. 1995). They may levy taxes and issue bonds. E.g., N.M. Stat. Ann. §§ 4-38-17, 4-49-7 (Michie 1995). Most importantly, as a local public body, a county must cover the risk of constitutional violations committed by law enforcement officers acting within the scope of their duties. See id. §§ 41-4-3(C), -4-12, -4-20(A)(1)(a).

- 4 -

Against this backdrop of state law, the district court correctly concluded that defendants are not entitled to Eleventh Amendment immunity.

B.

Defendants also contend that they are entitled to absolute quasi-judicial immunity because they detained plaintiff pursuant to a state court order. We have jurisdiction over this denial of absolute immunity and review the district court's order de novo. See Valdez v. City and County of Denver, 878 F.2d 1285, 1287 (10th Cir. 1989).

"[O]fficials charged with the duty of executing a facially valid court order enjoy absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." Turney v. O'Toole, 898 F.2d 1470, 1472 (10th Cir. 1990)(internal quotation marks and citation omitted). The court order in this case simply directed that plaintiff be detained at the Grant County Juvenile Detention Center pending further order of the court or authorization for release by a juvenile probation officer. Therefore, defendants enjoy absolute immunity from any liability attaching to their decision to detain plaintiff. However, plaintiff does not challenge the legality of his initial detention. Rather, he challenges the conditions within the county facility during the course of his detention. Since the court order did not dictate any specific treatment within the center, defendants are not absolutely immune from plaintiff's charges. See id. at 1474.

C.

"Orders denying qualified immunity before trial are appealable to the extent they resolve abstract issues of law." Foote v. Spiegel, 118 F.3d 1416, 1422 (10th Cir. 1997). We review the district court's resolution of the qualified immunity issue de novo. See id. at 1424.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In evaluating a claim of qualified immunity, "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." Conn v. Gabbert, 526 U.S. 286, 290 (1999).

The individual defendants maintain that they are qualifiedly immune from plaintiff's constitutional claim. The district court found that plaintiff's sole constitutional claim is one of substantive due process under the Fourteenth Amendment. Plaintiff does not challenge this finding on appeal. To state a substantive due process claim, plaintiff must allege that "he was 'incarcerated under conditions posing a substantial risk of serious harm,' and that the [county officials] w[ere] aware of and disregarded an excessive risk to inmate health or

safety by failing to take reasonable measures to abate the risk." Lopez v. LeMaster, 172 F.3d 756, 760-61 (10th Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Reviewing the contents of the pleadings in a light most favorable to the nonmoving party, we find that plaintiff has alleged instances of physical and sexual assault at the hands of violent minors. Plaintiff has also alleged that defendants knew about the threats to plaintiff and failed to take proper measures to mitigate these threats. At this early stage of the proceedings, we find that plaintiff has stated a substantive due process claim under the Fourteenth Amendment.

At the time of the alleged violations in this case, it was clearly established that a detainee's "due process rights . . . are at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). It was also clearly established at the time of the alleged violations that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Therefore, a reasonable person at the relevant time would have known that the alleged conduct violated plaintiff's due process rights. Accordingly, the district court properly denied the individual defendants' motion

for qualified immunity.

D.

Finally, we decline defendants' invitation to review the district court's ruling that the State of New Mexico is not a necessary party to this litigation under Fed. R. Civ. P. 19(a). This particular order by the district court is not a final order and therefore is not ordinarily appealable to this court at this time. To review such an order, we would have to exercise pendent jurisdiction. Pendent jurisdiction is appropriate only where "the otherwise nonappealable decision is inextricably intertwined with the appealable decision, or where review of the nonappealable decision is necessary to ensure meaningful review of the appealable one." United Transp. Union Local 1745 v. City of Albuquerque, 178 F.3d 1109, 1114 (10th Cir. 1999) (internal quotation marks and citation omitted). We find neither condition present here and thus forego the "generally disfavored" exercise of pendent jurisdiction. Armijo v. Wagon Mound Pub. Sch., 159 F.3d 1253, 1264 (10th Cir. 1998).

For substantially the reasons given by the district court, we **AFFIRM**. We also deny plaintiff's outstanding motion to dismiss this appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge


- 8 -